# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

VERONICA BURGOS NUNEZ,

        Plaintiff,

v.                                Case No:   6:16-cv-1737-Orl-28GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

# REPORT AND RECOMMENDATION

Veronica Nunez (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error because he: 1) failed to develop the record by not ordering a consultative mental examination; and 2) applied improper legal standards when determining Claimant's credibility. Doc. No. 15 at 8-10, 14-16. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 20. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.    PROCEDURAL BACKGROUND

On April 10, 2013, Claimant filed an application for SSI. R. 186. Claimant alleges a disability onset date of February 8, 2013. R. 28. On May 7, 2013, Claimant's application was denied initially. R. 84. On July 24, 2013, Claimant's application was denied upon reconsideration. R. 93. On August 17, 2013, Claimant filed a request for hearing. R. 103. On March 11, 2015,

Claimant attended a hearing before the ALJ. R. 45-65. On April 20, 2015, the ALJ issued an unfavorable decision. R. 28-39. On May 12, 2015, Claimant requested review of the ALJ's decision. R. 19. On August 1, 2016, the Appeals Council denied Claimant's request. R. 1. On October 4, 2016, Claimant filed this appeal. Doc. No. 1.

## II.    STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS

### A.  Duty to Develop

On May 27, 2013, Claimant visited Maria Pizarro, ARNP with complaints of depression and anxiousness. R. 299. Claimant reported having visual hallucinations and a fear of being home

alone. *Id.* Ms. Pizarro found that due to Claimant's mental status, she has limitations in walking, bending, sitting, and standing. *Id.* Ms. Pizzaro diagnosed Claimant with Major Depressive Disorder with Psychotic Features. *Id.* On August 26, 2013, Claimant visited Ms. Pizzaro for a follow up appointment. R. 298. Claimant reported being depressed and not sleeping or eating well. *Id.* On September 26, 2013, Claimant visited Ms. Pizzaro stating that she was "feeling good today," and reported sleeping well with medication. R. 297. Claimant, however, "still report[ed] having pain on her back, [which] is the main cause of her depressed mood." *Id.* In a mental status exam checklist, Ms. Pizarro found that Claimant's psychomotor activity and speech were normal, her thought process was goal-directed, and her judgement and insight were fair to good. *Id.*

At step two of the sequential evaluation process, the ALJ found Claimant had the following severe impairments: status post lumbar laminectomy and fusion; degenerative disc disease of the lumbar spine; and affective disorder.[1] R. 30. At step four, the ALJ determined that Claimant had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that [Claimant] has the [RFC] to perform light work … limited as follows: [Claimant] can sit, stand and walk six hours in an eight-hour workday, and she can lift [twenty] pounds occasionally and [ten] pounds frequently. [Claimant] requires work which is simple and unskilled, or very low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might not be considered simple …. [Claimant] has non-exertional mental limitations which frequently [affect] her ability to concentrate upon complex or detailed tasks, but she would remain capable of understanding, remembering and carrying out job instructions as defined earlier; making work related judgments and decisions; responding appropriately to supervision, co-workers, and work situations; and dealing with changes in a routine work setting.

---

[1] The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. *Id.*

R. 31-32 (emphasis added). Thus, the ALJ found that Claimant is capable of performing light work, but: 1) requires work which is simple and unskilled, or very low semi-skilled in nature; 2) has nonexertional mental limitations which frequently affect her ability to concentrate upon complex or detailed tasks; and 3) would remain capable of understanding, remembering and carrying out simple and unskilled job instructions, such as making work related judgments and decisions, responding appropriately to supervision, co-workers, and work situations, and dealing with changes in a routine work setting.[2] *Id.*

When providing support for Claimant's mental abilities in the RFC, the ALJ stated the following:

> [Claimant] did seek treatment [with Ms. Pizzaro] in May 2013 due to depression. However, she did relate that her depression was primarily due to her back pain. On her last visit [on] September 2013, she reported that she was feeling good. She was sleeping well with the medications and her appetite was good. The assessment was "improving" (Exhibit 7F). The undersigned does find that [Claimant] does have some depression primarily [due] to her pain. However, she would be capable of work that is simple and unskilled, or very low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even through the tasks themselves might not be considered simple (work with a svp of 3 or below). [Claimant] would be able to understand, remember and carry out job instructions as defined as simple and unskilled (or low semi-skilled); making work related judgments and decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine work setting.

---

[2] The Social Security Regulations define light work as:

> (b) Light work. Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (emphasis added).

R. 37 (emphasis added). Thus, based on the information in Ms. Pizarro's treatment notes, the ALJ found Claimant to have the same mental abilities as those found in the RFC finding. *Cf.* R. 31-32, 37.

In *Sims v. Apfel*, 530 U.S. 103, 110-11, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000), the Supreme Court held that "[s]ocial security proceedings are inquisitorial rather than adversarial" and that the ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). The ALJ's duty includes ordering a consultative examination if one is needed to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citations omitted). Nevertheless, an ALJ is not required to order a consultative examination provided that the record contains sufficient evidence for the ALJ to make an informed decision. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("[t]he administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision"); *Good v. Astrue*, 240 Fed. Appx. 399, 404 (11th Cir. 2007) ("the ALJ need not order an additional consultative examination where the record was sufficient for a decision").[3] Remand due to the ALJ's failure to develop the record is appropriate when "the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotation marks omitted). At a minimum, clear prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record … or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

After reviewing the record, the Court finds remand necessary for the ALJ to order a consultative examination as to Claimant's mental abilities and limitations. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit defined a medical opinion:

> "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), <u>including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.</u>"

*Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)) (emphasis added). *See also Valdez v. Comm'r of Soc. Sec.,* No. 3:14-CV-1328-J-PDB, 2016 WL 836688, at *4 (M.D. Fla. Mar. 4, 2016) (noting that a "medical opinion is a statement reflecting judgment about the nature and severity of an impairment and <u>what a claimant can still do despite it</u>") (citations omitted) (emphasis added).

In *Dillard v. Astrue*, 834 F.Supp.2d 1325, 1332-33 (M.D. Ala. 2011), the Court held:

> While the ALJ admittedly has the responsibility of determining a claimant's RFC, there must be substantial support in the record for that determination and it has always been the view of this Court … that substantial evidence in support of such RFC determination necessarily must include an RFC assessment by a treating or examining physician. Without such evidence, all this Court perceives is mere conjecture and intuition by the ALJ regarding what [a claimant's] impairments equate to in terms of his ability to perform …

*Id.* (citing 20 C.F.R. § 404.1545(b)). *See also Hagan v. Astrue*, No. 1:10–CV–21 (WLS), 2011 WL 1258052, at *4 (M.D. Ga. Mar. 11, 2011) (citing 20 C.F.R. § 404.1513) (noting that "medical evidence <u>must provide information that allows the Commissioner to determine [a claimant's] '[RFC] to do work-related physical and mental activities</u>'") (emphasis added). When justifying the mental abilities in Claimant's RFC, the ALJ solely relied on Ms. Pizarro's treatment notes. R. 37. The ALJ noted Ms. Pizarro's statement that Claimant "still reports having pain on her back, [and]

this is the main cause of her depressed mood." R. 37, 297. The ALJ also noted Claimant's reports of "feeling good today," and Ms. Pizarro's one-word opinion that Claimant's status was improving. *Id.* Ms. Pizarro's treatment notes do not provide a sufficient assessment as to what Claimant can or cannot do despite her mental limitations. *See Valdez,* 2016 WL 836688 at *4. Instead, Ms. Pizarro's treatment notes contain Claimant's subjective complaints, Ms. Pizarro's diagnoses, and mental status checklists that provide little information regarding Claimant's mental abilities.[4] R. 297-300.

As noted above, in order for a claimant's RFC to be supported by substantial evidence, the record must include an RFC assessment by a treating or examining physician. *Dillard*, 834 F.Supp.2d 1332-33. Ms. Pizarro's treatment notes are devoid of any sufficient assessment regarding Claimant's mental abilities in the RFC. R. 31-32, 297-300. Thus, the Court cannot discern the basis on which the ALJ found Claimant capable of performing light work, but: 1) requires work which is simple and unskilled or very low semi-skilled in nature; 2) has nonexertional mental limitations which frequently affect her ability to concentrate upon complex or detailed tasks; and 3) would remain capable of understanding, remembering and carrying out simple and unskilled or low semi-skilled job instructions, such as making work related judgments and decisions, responding appropriately to supervision, co-workers, and work situations, and dealing with changes in a routine work setting.[5] R. 31-32. Because the record contains

---

[4] In regard to physical limitations, it is noted that the ALJ found that Claimant had the RFC to sit, stand, and walk six hours in an eight-hour workday. R. 31. However, in May 27, 2013 treatment note, Ms. Pizarro found that because of Claimant's mental status, she "has limitations walking [around], bending, and sitting/standing up for too long." R. 299. While a September 26, 2013 treatment note states that Claimant was "improving," the statement is conclusory and does not provide any information as to whether Claimant progressed on the limitations found in the May 27, 2013 treatment note. R. 297. The foregoing is an additional reason why the undersigned recommends the case be remanded for a consultative examination.

[5] The Commissioner provides other evidence supporting the ALJ's decision, namely that Claimant: 1) did not include depression or anxiety as one of her alleged impairments in her application; 2) testified that she was not undergoing any psychiatric treatment; and 3) had normal mental status findings during various emergency room visits. Doc. No. 15 at 11. The ALJ, however, never cited such evidence as support for the RFC finding. R. 37. Thus, the Court declines

"evidentiary gaps which result in unfairness or clear prejudice," it is recommended that the case be remanded for a consultative examination regarding Claimant's mental abilities and limitations. *Brown*, 44 F.3d at 935.

### B.  Claimant's Credibility

At step four, the ALJ found Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms not credible. R. 36-37. When determining Claimant's credibility, the ALJ made three specific findings. *Id*. First, the ALJ noted that Claimant spent her early years raising a family:

> [Claimant] spent her early years raising a family of three children, which is commendable and wholesome but detracts somewhat from overall credibility in the context of disability. She does have some difficulties and the undersigned is not unsympathetic to these difficulties. Nonetheless, [Claimant] has significant potential.

R. 36.[6] Thus, the ALJ found Claimant's raising of her three children detracted from her credibility. *Id*. Second, the ALJ relied on the opinion of Dr. James Patty, a reviewing physician, and summarized other medical evidence. R. 36-37. The ALJ later found that such evidence contradicted Claimant's complaints. *Id*. Finally, the ALJ noted Claimant's activities of daily living:

> Moreover, [Claimant's] activities of daily living are somewhat inconsistent with the alleged severity of pain and functional limitations. She takes care of her [nineteen]-year-old disabled son. She is able to do most of her household chores and drive. Therefore, I do not necessarily accept all allegations of impairments as true.

---

to accept the Commissioner's post hoc rationalization of the ALJ's decision. *See Baker v. Comm'r of Soc. Sec.,* 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's post hoc rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (citing *FPC v. Texaco Inc*., 417 U.S. 380, 397, 94 S.Ct. 2315, 41 L.Ed.2d 141 (1974)). The Court also notes that despite the facts noted by the Commissioner, the ALJ found Claimant's affective disorder to be a severe impairment. R. 30.

[6] At the hearing, Claimant testified that she has three children, aged twenty-three, twenty, and nineteen. R. 58. The nineteen-year-old son suffers from kidney failure and lives with the Claimant. R. 52.

R. 37. Thus, the ALJ found Claimant's statements about the intensity and persistence of her pain are not credible because she: 1) takes care of her nineteen-year-old disabled son; and 2) is able to do most of her household chores and drive. *Id.* Claimant argues that the ALJ erred by making the aforementioned credibility findings. Doc. No. 15 at 15-16. The Commissioner argues that the ALJ applied the proper legal standards because he found that: 1) Claimant's complaints were inconsistent with the medical evidence; 2) Claimant's complaints were inconsistent with her activities of daily living; and 3) Claimant lacked a significant work history. *Id.* at 18-20.

In the Eleventh Circuit, subjective complaints of pain are governed by a two-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition; and 2) either objective medical evidence that confirms the severity of the alleged symptoms arising from the condition *or* evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote,* 67 F.3d at 1561; 20 C.F.R. § 404.1529 (emphasis added). Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Id.* "If the ALJ decides not to credit a claimant's testimony as to her pain, [he or she] must articulate explicit and adequate reasons for doing so." *Id.* at 1561–62. A reviewing court will not disturb a clearly articulated credibility finding based on

substantial supporting evidence in the record. *Id.* at 1562. The lack of a sufficiently explicit credibility finding may be grounds for remand if credibility is critical to the outcome of the case. *Id.*

### 1) Claimant's Parenting

The ALJ found Claimant's raising of her three children detracted from her credibility. R. 36. Claimant argues that the ALJ's basis for such a finding is unclear given the fact that Claimant: 1) testified that her three children are twenty-three, twenty, and nineteen years old; and 2) alleges a disability onset date of February 8, 2013. Doc. No. 15 at 15. Based on the foregoing, Claimant argues that "it is unclear how raising her children years ago detracts from [her] testimony regarding her current limitations." *Id.* The Commissioner states the following:

> The ALJ noted [Claimant's] many years of raising children detracted from her credibility [R. 36]. While the ALJ could have worded this better, he is suggesting that [Claimant's] general lack of work history undermines the credibility of her allegations [*Id.*] …. Further supporting the ALJ's reason is that [Claimant] stopped working not because of her impairments, but because she needed to care for an ailing child and she continued to provide care for that child through the time of the hearing [R. 52, 56].

*Id.* at 19. Thus, the Commissioner attempts to characterize the ALJ's statement as indicating that Claimant's general lack of work history undermines her credibility. *Id.* The ALJ's opinion, however, states that Claimant spent her "early years raising a family of three children, which is commendable and wholesome, but detracts somewhat from [her] overall credibility …" R. 36. Moreover, ALJ made no findings regarding Claimant's work history or the fact that she stopped working because she needed to take care of her nineteen-year-old son. *Id.* Thus, the undersigned declines to accept the Commissioner's post hoc rationalization of the ALJ's decision. *See Baker v. Comm'r of Soc. Sec.,* 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's post hoc rationalizations for agency actions," and "[i]f an action is to be upheld, it must

be upheld on the same bases articulated in the agency's order") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397, 94 S.Ct. 2315, 41 L.Ed.2d 141 (1974)).

After considering the ALJ's articulated reason, the undersigned agrees with the Claimant. Claimant alleges a disability onset date of February 8, 2013. R. 28. At the March 11, 2015 hearing, Claimant testifies that her three children are twenty-three, twenty, and nineteen years old. R. 58. Claimant also testifies that her two eldest children do not live with her. R. 59. Based on the foregoing, there is no basis for the ALJ's statement that Claimant's raising of her children detracts from her credibility – particularly when she was raising her children well before her alleged disability onset date. Thus, the undersigned recommends that the Court find the ALJ's consideration of Claimant's parenting is not supported by substantial evidence.

### 2)  Claimant's Activities of Daily Living

At the hearing, Claimant testifies that she tries to cook, do the laundry, and clean the house with the aid of her husband. R. 58. Claimant also states that she has to catheterize her nineteen-year-old son five times per day. *Id.* The ALJ then found Claimant's statements about the intensity and persistence of her pain not credible because: 1) Claimant takes care of her nineteen-year-old son; and 2) she is able to do most of her household chores and drive. R. 37

The ALJ committed reversible error in considering the aforementioned daily activities for two reasons. First, the Court cannot discern the basis of the ALJ's finding that because Claimant "takes care of her [nineteen]-year-old son," her statements about the intensity and persistence of her pain are not credible. *Id.* The following is taken from the hearing:

> ALJ:   Do you have to do anything physical to help with your son?
>
> CMT:  Yes.
>
> ALJ:   What type of things do you do?

> CMT:  I have to catheterize him five times a day. I have to
> bend down, but I cannot do it [all the time] because
> of the pain in my back.
>
> ALJ:   And who does it when you can't?
>
> CMT:  In that case, well, my husband or my friend …

R. 58. Thus, Claimant states that she catheterizes her son, but cannot do it all the time because of her back pain. *Id.* When she cannot catheterize her son, her husband or a friend helps her. *Id.* The above exchange provides the only information regarding Claimant's physical activities in helping her nineteen-year-old son. *Id.* The ALJ does not provide any other evidence for his finding that because Claimant "takes care of her [nineteen]-year-old son," her statements about the intensity and persistence of her pain are not credible. R. 37. Thus, the Court cannot discern the basis of the ALJ's credibility finding when the only reported activity of Claimant taking care of her nineteen-year-old son is that she sometimes catheterizes him. R. 58.

Second, the ALJ improperly considered Claimant's ability to do most of her household chores and drive. With regard to household chores, Claimant's only testimony was that she tries to cook, does laundry, and that her husband helps her clean. R. 58. Because Claimant testified to performing few household chores, the basis on which the ALJ determined that Claimant has the ability to perform "most of her household chores" is unclear. Moreover, as noted above, the ALJ determined that Claimant had severe impairments of: status post lumbar laminectomy and fusion; degenerative disc disease of the lumbar spine; and affective disorder. R. 30. The daily activities found in Claimant's testimony are not of the kind that renders them inconsistent with Claimant's impairments. Furthermore, the ALJ failed to provide any specific analysis as to how Claimant's daily activities contradicted Claimant's pain testimony. *See Lane v. Berryhill,* No.: 5:16-CV-0855-VEH, 2017 WL 2797082, at * 10 (N.D. Ala. Jun. 28, 2017) (citations omitted) (noting that "for an

ALJ to discredit a claimant's pain testimony based on daily activity, the ALJ should specifically illustrate how the claimant's daily activity is inconsistent with her subjective pain testimony"). Instead, the ALJ merely stated Claimant was able to do most of her household chores and drive without any further analysis as to how such activities contradict Claimant's testimony.[7] Based on the foregoing, the undersigned recommends that the Court find the ALJ's consideration of Claimant's daily activities is not supported by substantial evidence.

### 3)    Medical Evidence

When determining Claimant's credibility, the ALJ also relied on: 1) the opinion of Dr. Patty, a reviewing physician; and 2) other medical evidence of record. R. 36-37. Based on such evidence, the ALJ found Claimant's statements about the intensity and persistence of her pain are not credible. *Id.* Claimant argues that the ALJ's consideration of the medical evidence violates Social Security Ruling 96-7p:

> The ALJ then cited to various medical examinations that revealed normal physical examination findings to find [Claimant's] testimony not credible [R. 36-37]. However, Social Security Ruling ("SSR") 96-7p provides that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."

Doc. No. 15 at 15. As noted by Claimant, Social Security Ruling 96-7 states that an "individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded <u>solely</u> because they are not

---

[7] The ALJ also found that Claimant's ability to drive detracted from her credibility. R. 37. Claimant argues that she never testified about driving and did not complete any function reports indicating that she drives. Doc. No. 15 at 16. The Commissioner notes a February 2015 treatment note, which states that Claimant was the driver when she was involved in an auto accident. *Id.* at 19 (citing R. 435). Regardless, the ALJ committed reversible error because he failed to provide any analysis as to why Claimant's ability to drive contradicted her testimony. *See Lane*, 2017 WL 2797082, at * 10.

substantiated by objective medical evidence." SSR 96–7p, 1996 WL 374186, at *1 (July 2, 1996) (emphasis added). Here, the ALJ did not solely rely on the medical evidence in his credibility finding. However, as set forth above, the ALJ erred in regard to the other bases he used for his credibility finding. The sole remaining basis for the ALJ's credibility finding is the lack of objective medical evidence, which cannot stand alone. *Id.* Thus, the undersigned recommends that the case be remanded for further proceedings due to the ALJ's errors in making his credibility finding.

## IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1.   **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of Section 405(g); and

2.   Direct the Clerk to award judgment in favor of Claimant and to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 25, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy